UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


<u>Michael and Marisol MacDonald</u>

    v.                                    Civil No. 06-cv-245-JD

<u>Daniel Clark, et al.</u>


O R D E R

The plaintiffs' claims in this case arise from dysfunctional family relationships that deteriorated into disputes involving the police.  Michael and Marisol MacDonald allege that Marisol's former husband, Randy Guilbault, conspired with Daniel Clark, a police officer in Windham, New Hampshire, to have Michael MacDonald arrested on false charges.  The defendants, Clark and the Town of Windham, moved for summary judgment.[1]  The MacDonalds move to strike eleven assertions of fact and certain exhibits submitted by the defendants in support of their motion for summary judgment.

---

[1] It appears that the plaintiffs sued Clark in both his individual and official capacities and also sued the Town of Windham.  An official capacity suit is a suit against the governmental entity, the town in this case.  <u>Kentucky v. Graham</u>, 473 U.S. 159, 165-66 (1985).  Therefore, the defendants are Clark, in his individual capacity, and the Town of Windham.

Discussion

The MacDonalds contend that the challenged statements are not supported by admissible evidence and that the challenged exhibits are inadmissible and, therefore, cannot be considered in support of the defendants' motion.  The defendants, Clark and the town, argue that the motion to strike is untimely.  In addition, they contend that their factual assertions are accurate and properly supported and that the challenged evidence is admissible.

A.   Timeliness

Ordinarily, a motion to strike must be filed within ten days after service of the challenged motion or objection.  LR 7.2(c). In this case, however, the MacDonalds filed an assented to motion for leave to file their motion to strike more than ten days after the motion for summary judgment was served.  The MacDonalds' motion for leave was granted on October 9, 2007.  Therefore, the motion to strike was not untimely.

B.   Factual Support for Motion

A memorandum in support of summary judgment "shall incorporate a short and concise statement of material facts, supported by appropriate record citations, and to which the

moving party contends there is no genuine issue to be tried." LR 7.2(b)(1). To support the factual statement, the moving party must submit an affidavit or affidavits "made on personal knowledge" and setting forth "such facts as would be admissible in evidence." Fed. R. Civ. P. 56(e). Affidavits may be supplemented with deposition excerpts, answers to interrogatories, and sworn or certified copies of documents or other papers referred to in an affidavit. Id.

1.  Challenged exhibits.

The court notes that the MacDonalds first move to strike specific statements and then move to strike entire exhibits submitted by the defendants to support the statements. If the document were excluded, the statement necessarily would be unsupported. Therefore, the motion to strike the exhibits is considered first.

The MacDonalds move to strike the following exhibits that were filed in support of the defendants' motion for summary judgment: (1) Windham police reports and the statements included within the reports (Exhibits B and E), (2) excerpts from the transcript from MacDonald's criminal trial (Exhibit H), (3) Guilbault's statement (Exhibit B), (4) Patricia Petron's statement (Exhibit B). The MacDonalds assert that "such evidence

constitutes inadmissible hearsay and . . . statements set forth therein constitute impermissible totem pole hearsay." Mot. at 8.

Although the MacDonalds are represented by counsel, they merely state, in one paragraph, that the cited exhibits are inadmissible hearsay and that inadmissible evidence cannot support a motion for summary judgment. They make no developed argument that the challenged evidence is inadmissible hearsay and cite no cases or other authority to support their assertions.[2] They also do not point out specific statements that are inadmissible "totem pole" hearsay. In the absence of developed argument to support that part of their motion, it is denied. See Higgins v. New Balance Athletic Shoe, Inc., 194 F.3d 252, 260 (1st Cir. 1999) ("The district court is free to disregard arguments that are not adequately developed.").

### 2. Challenged factual statements.

The MacDonalds also challenge certain factual statements in the defendants' memorandum in support of their motion for summary

---

[2] For example, the defendants did not provide an affidavit or any authentication whatsoever to support the documents submitted in support of summary judgment, but the MacDonalds failed to object on that basis. See Perez v. Volvo Car Corp., 247 F.3d 303, 314-15 (1st Cir. 2001). Similarly, statements included in an investigative report may be hearsay. See United States v. Tajeddini, 945 F.3d 458, 464-65 (1st Cir. 1991). The MacDonalds, however, must do more than merely raise a possible issue.

judgment as lacking record support.  The defendants argue that in some instances the cited portions of the record support their statements and in other instances that other parts of the record are supportive.

The defendants do not dispute that the specific evidence cited to support their statement that Guilbault called the police because Michael MacDonald would not stop videotaping him was not included in the record.  They also do not dispute that they failed to cite to record evidence to support their statement that Clark was trained at the police academy and that the evidence they cited does not directly support the statement that Clark first met Guilbault at a certain time.  The defendants point to other record evidence to support the reasons Guilbault called the police and when Clark met Guilbault, and they offer new evidence to show that Clark attended the police academy.  Because those statements were not properly supported as presented in the memorandum, they are stricken.

The challenged statements at paragraphs B, C, D, and E of the MacDonalds' motion are supported by the record citations. The challenged statement at paragraph F is not part of the factual statement and is properly supported in the factual statement.  Therefore, the motion is denied as to those statements.

The statement about Guilbault calling the Petron household to ask directions is not supported by the record citations. Therefore, it is stricken.

The MacDonalds challenge as hearsay two statements about Clark's interaction with Guilbault that are based on Clark's testimony at Michael MacDonald's criminal trial.  The defendants respond that the MacDonalds are relying on the same testimony to support their claims and that their reference was merely to clarify the meaning of the testimony.  The defendants also assert, in a perfunctory manner, that exceptions to the hearsay rule would apply in this context.

The parties appear to agree that under ordinary circumstances prior testimony that is offered for its truth is inadmissible hearsay.  <u>See, e.g.</u>, <u>Crawford v. Washington</u>, 541 U.S. 36, 68 (2004).  Although the defendants cite several exceptions to the hearsay rule, they make no effort to apply them to the circumstances of this case.  Therefore, the challenged factual statements that depend on Clark's prior testimony are stricken.

Conclusion

    For the foregoing reasons, the plaintiffs' motion to strike (document no. 41) is granted in part and denied in part as is more fully explained in this order.

    SO ORDERED.

                                                   Joseph A. DiClerico, Jr.
                                                  United States District Judge

October 29, 2007

cc:   Steven A. Bolton, Esquire
      Brian J.S. Cullen, Esquire
      Benjamin L. Falkner, Esquire
      Donald E. Gardner, Esquire
      Paul J. Klehm, Esquire
      James B. Krasnoo, Esquire
      Danielle Leah Pacik, Esquire