UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

<u>Michael and Marisol MacDonald</u>

    v.                          Civil No. 06-cv-245-JD

<u>Town of Windham, Daniel Clark,
and Randy Guilbault</u>

O R D E R

Michael and Marisol MacDonald allege that Marisol's former husband, Randy Guilbault, conspired with Daniel Clark, a police officer in Windham, New Hampshire, to have Michael MacDonald arrested on false charges. The defendants moved for summary judgment.[1] The MacDonalds move to strike two statements in the defendants' reply to their objection to summary judgment.

Background

Marisol MacDonald was engaged in an ongoing custody dispute with her former husband, Randy Guilbault, in 2004. During the summer of 2004, the MacDonalds videotaped certain events involving Guilbault, which occurred during exchanges of the

---

[1] The plaintiffs sued Clark in both his individual and official capacities and also sued the Town of Windham. An official capacity suit is a suit against the governmental entity, the town in this case. <u>Kentucky v. Graham</u>, 473 U.S. 159, 165-66 (1985). Therefore, the defendants are Clark, in his individual capacity, and the Town of Windham.

Guilbault children for visitation and interaction between Guilbault and the MacDonalds at the children's baseball games. Those events often involved officers from the Windham police. One section of the video shows the parties at a baseball game on July 8, 2004. The events on that date led to Michael MacDonald's arrest on August 1, 2004.

The defendants obtained a DVD of the video footage from the MacDonalds and submitted it as an exhibit in support of their motion for summary judgment. The defendants refer to the DVD in support of their motion, and the plaintiffs refer to it in support of their objection. In their reply to the plaintiffs' objection, the defendants state that when Clark arrived at the baseball field on July 8 he was aware of the history between the MacDonalds and Guilbault and he saw "as evidenced in the video provided by Mr. MacDonald, . . . a clearly agitated and aggressive Michael MacDonald." Reply at 2. In a footnote, the defendants explained: "Notably, this DVD was produced by MacDonald. Even a casual observer, and certainly the jury, will be able to conclude that this DVD has been edited by MacDonald for his own purposes. It is significant that even as edited, it provides a glimpse of MacDonald's boorish behavior." Reply at 2, n.2. Later in the reply when describing MacDonald's manner during the July 8 incident, the defendants state: "Fortunately,

the Court, too, can observe that manner even in the apparently edited video supplied by MacDonald himself."  Reply at 4.

## Discussion

The MacDonalds move to strike the statements in the defendants' reply about editing the videotape on the grounds that those statements are not supported by record citations, are contradicted by Michael MacDonald's deposition testimony, and are not supported by expert opinion.  The defendants object to the motion, arguing that the issue of editing the videotape is not material to the issue of probable cause for MacDonald's arrest.  The defendants also contend that expert opinion is not necessary on the issue of whether the videotape was edited, because the editing is apparent to a lay person.

A motion to strike addresses "redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f).  In addition, to support a motion for summary judgment, the moving party must submit an affidavit or affidavits "made on personal knowledge" and setting forth "such facts as would be admissible in evidence."  Fed. R. Civ. P. 56(e).  Affidavits may be supplemented with deposition excerpts, answers to interrogatories, and sworn or certified copies of documents or other papers referred to in an affidavit.  Id.

The defendants acknowledge that their implication that Michael MacDonald edited the videotape is immaterial to the motion for summary judgment. Therefore, under Rule 12(f), the parts of the challenged statements that refer to editing are stricken as immaterial. The court need not consider the alternative argument that expert testimony is necessary to support such statements.

### Conclusion

For the foregoing reasons, the plaintiffs' motion to strike (document no. 45) is granted to the extent it seeks to exclude an implication in two statements made in the defendants' reply to the plaintiffs' objection to summary judgment that the videotape made by Michael MacDonald was edited.

SO ORDERED.

/s/ Joseph A. DiClerico, Jr.
Joseph A. DiClerico, Jr.
United States District Judge

November 9, 2007

cc: Steven A. Bolton, Esquire
    Brian J.S. Cullen, Esquire
    Benjamin L. Falkner, Esquire
    Donald E. Gardner, Esquire
    Paul J. Klehm, Esquire
    James B. Krasnoo, Esquire
    Danielle Leah Pacik, Esquire